IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEON CORTEZ FERGUSON, Jr., #99836, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 23-cv-1913-JPG |
| vs. | ) ) |
| HARRY W. ANDERSON, | ) ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

**GILBERT, District Judge:**

On June 2, 2023, Plaintiff Leon Ferguson, Jr., filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 for constitutional deprivations that allegedly arose from his ineffective representation by a private attorney who also represented the victim in his case. (Doc. 1). Plaintiff seeks money damages from the attorney. *Id*.

At the time of filing his Complaint, Plaintiff did not prepay the $402.00 filing fee for this action or file a motion for leave to proceed *in forma pauperis* (IFP motion) without paying the entire fee up front. Therefore, on June 2, 2023, the Court entered a Notice and Order stating, in pertinent part:

> NOTICE AND ORDER: The Court has received your Complaint. Your case number is 23-1913-JPG. **Within 30 days of the entry of this Order, you are ORDERED to submit the $402.00 filing fee or a motion to proceed without prepayment of the filing fee.** If you file a motion to proceed without prepayment of the filing fee, the Court must review your trust fund account statement for the six-month period immediately preceding the filing of this action. Thus, you must have the Trust Fund Officer at your facility complete the attached certification and provide a copy of your trust fund account statement (or institutional equivalent). **If you fail to pay the filing fee or submit the motion to proceed without prepayment of the filing fee by the deadline, the case will be dismissed without prejudice for failure to prosecute.** FED. R. CIV. P. 41(b); Sperow v. Melvin, 153 F.3d 780, 781 (7th Cir. 1998). . . .

1

(Doc. 2) (emphasis added). Pursuant to this Order, Plaintiff was required to either pay the $402.00 filing fee or file an IFP motion by July 3, 2023. He did neither. The deadline expired a week ago, and he has not requested an extension.

Accordingly, this action shall be dismissed without prejudice based on Plaintiff's failure to comply with the Court's Order (Doc. 2) and his failure to prosecute his claims. *See* FED. R. CIV. P. 41(b). Plaintiff incurred the obligation to pay a filing fee for this action when he filed this case, and his obligation to pay the full filing fee survives dismissal of this matter. This dismissal does not count as a "strike" under 28 U.S.C. § 1915(g).

## Disposition

**IT IS ORDERED** that this action is **DISMISSED** without prejudice based on Plaintiff's failure to comply with this Court's Order to pay the filing fee or file an IFP motion (Doc. 2) and his failure to prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case. Accordingly, the filing fee of $402.00 remains due and payable. *See Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, he may incur a "strike" if his appeal is dismissed for one of the reasons set forth under 28 U.S.C. § 1915(g).

**A proper and timely motion for reconsideration filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.**

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: July 10, 2023**

s/ J. Phil Gilbert
**J. Phil Gilbert
United States District Judge**