IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEON CORTEZ FERGUSON, JR., #99836, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 23-cv-01913-JPG |
| HARRY W. ANDERSON, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

Plaintiff Leon Cortez Ferguson, Jr., a pretrial detainee at Madison County Jail located in Edwardsville, Illinois, brings this civil rights action *pro se* pursuant to 42 U.S.C. § 1983.  In the Second Amended Complaint, Plaintiff asserts claims against his criminal defense attorney for providing ineffective assistance of counsel and infringing on his right to due process of law in violation of the Sixth and Fourteenth Amendments.  (Doc. 11).  Plaintiff filed a motion for temporary restraining order or preliminary injunction on August 2, 2023.  (Doc. 16).  The Court will take up this matter without delay.

The Second Amended Complaint is before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims.  28 U.S.C. § 1915A(a).  Any portion of the complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed.  28 U.S.C. § 1915A(b).  At this juncture, the factual allegations are liberally construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

**Second Amended Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 against his attorney in an undisclosed case for constitutional deprivations stemming from the attorney's alleged representation of Plaintiff's victim. (Doc. 11, p. 5). Attorney Harry Wesley Anderson failed to disclose this past or present conflict of interest to Plaintiff. *Id*. at 5-6. And, Plaintiff maintains that Attorney Anderson intentionally sabotaged his case with full knowledge of the conflict. During the course of his representation, Attorney Anderson attempted to persuade Plaintiff to enter a guilty plea on three occasions, did no work on his case, lied to Plaintiff and his family, and told Plaintiff that he is "going to prison." *Id*. Attorney Anderson and Judge Neil Schroeder[1] allegedly "let this conflict of interest go on for 8 months." *Id*.

**Discussion**

Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State" deprives a person of his federal constitutional or statutory rights shall be liable in an action at law. 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must show that he suffered a deprivation of his federal rights by a defendant who acted under color of state law. *Id*.; *McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 513 (7th Cir. 1993). The Second Amended Complaint does not satisfy these requirements and does not survive screening under § 1915A.

Plaintiff failed to bring suit against a state actor. The only defendant is Attorney Anderson, who represented him in an undisclosed case that appears to be criminal in nature. Plaintiff does not indicate whether the attorney served as his public defender or private defense counsel. Either way, Plaintiff fails to state a claim against him.

---

[1] On June 5, 2023, Plaintiff filed a separate civil rights action *pro se* pursuant to 42 U.S.C. § 1983 against Judge Schroeder in *Ferguson, Jr. v. Schroeder*, No. 23-cv-01925-NJR (S.D. Ill.).

Assuming Attorney Anderson was Plaintiff's public defender, the allegations state no claim for relief under § 1983. The United States Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 545 U.S. 312, 325 (1981). The Seventh Circuit Court of Appeals has further held that a court-appointed public defender is not subject to suit under § 1983. *McDonald v. White*, 465 F. Appx. 544 (7th Cir. 2012). Because Plaintiff's claims against Attorney Anderson arise from his performance of traditional functions as counsel in a criminal case, Plaintiff cannot pursue relief against this defendant under § 1983 even if the attorney was acting as his public defender.

The Court reaches the same conclusion if Attorney Anderson was privately retained to represent Plaintiff in a criminal or civil matter. A private attorney is not a state actor or acting under color of state law for purposes of § 1983. *French v. Corrigan*, 432 F.2d 1211, 1214-15 (7th Cir. 1970), *cert. denied*, 401 U.S. 915 (1971). Therefore, Plaintiff cannot pursue § 1983 relief against Attorney Anderson based on the allegations in his Second Amended Complaint. And, to the extent Plaintiff intended to assert a conspiracy claim against this defendant under 42 U.S.C. § 1985(3), Plaintiff's vague allegations fall short of doing so.

The Second Amended Complaint does not survive screening under 28 U.S.C. § 1915A and shall be dismissed for failure to state a claim upon which relief may be granted. Although the Court freely grants leave to file amended pleadings, it need not give leave or "solicit more litigation spontaneously" where it is not apparent what claim a plaintiff might substitute for those that already failed. *See e.g. Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009); *McCree v. Grissom*, 657 F.3d 623, 624 (7th Cir. 2011); *Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021) (courts may deny leave to amend if an amendment would be futile).

Because it appears that further amendment may be futile, the Court shall close this case, if Plaintiff fails to replead his claims in a Third Amended Complaint on or before September 5, 2023. Plaintiff will be given this opportunity to amend because he is a *pro se* litigant, who is afforded extra deference. However, if Plaintiff is convinced based on this Order that he cannot file a successful claim, he may also wish to voluntarily withdraw this case so that he does not incur a strike for filing this lawsuit. *See* 28 U.S.C. § 1915(g).[2]

### Pending Motions

Plaintiff's Motion for Recruitment of Counsel (Doc. 15) is **DENIED**. Although Plaintiff has demonstrated reasonable efforts to find counsel before seeking the Court's assistance, he has also shown that he is capable of effectively representing himself at this early stage.[3]

Plaintiff's Motion for Temporary Restraining Order / Preliminary Injunction (Doc. 16) is **DENIED**. Plaintiff offers no specific request for relief and sets forth no factual allegations or reasons for seeking interim relief in the motion.

### Disposition

Plaintiff's Second Amended Complaint (Doc. 11) is **DISMISSED** without prejudice for failure to state a claim against Defendant **HARRY W. ANDERSON**. Plaintiff must file a third amended complaint, or a motion to dismiss his case, on or before **September 5, 2023**. If Plaintiff fails to file anything, his case will be dismissed with prejudice for failure to state a claim and/or failure to comply with a Court order.

---

[2] 28 U.S.C. § 1915(g) provides that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

[3] In addition to meeting court-imposed deadlines by filing coherent documents, Plaintiff quickly pointed out a clerical error that resulted in the premature closure of this case and was unrelated to his own dilatory motive or delay. *See* Docs. 5-9).

Plaintiff is further **ADVISED** that the obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a third amended complaint.  28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 8/4/2023**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**