IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEON C. FERGUSON, JR., #99836, )<br>)<br>　　　　Plaintiff, )<br>)<br>vs. )<br>)<br>HARRY W. ANDERSON, )<br>)<br>　　　　Defendant. ) | Case No. 23-cv-01913-JPG |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

This matter is before the Court for preliminary review of the Fourth Amended Complaint[1] filed pursuant to 42 U.S.C. § 1983 by Plaintiff Leon Ferguson, Jr. (Doc. 20). Plaintiff brings constitutional claims against his private criminal defense attorney for providing him with ineffective assistance of counsel. He seeks money damages. *Id*.

The Fourth Amended Complaint is now subject to review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

---

[1] Plaintiff filed a Third Amended Complaint (Doc. 18) and a Fourth Amended Complaint (Doc. 20) in August 2023. He was ordered to advise the Court which version he intended to use by October 6, 2023. (Doc. 23). He was warned that failure to do so would result in screening the Fourth Amended Complaint at Doc. 20. Plaintiff did not respond to the Court's Order, so the Fourth Amended Complaint now controls. The Fourth Amended Complaint (Doc. 20) supersedes and replaces all prior versions and renders them **VOID**.

## Fourth Amended Complaint

Plaintiff brings this § 1983 suit against his private criminal defense attorney. (Doc. 20, pp. 5-7). Plaintiff allegedly retained Attorney Harry Wesley Anderson as his criminal defense attorney on June 22, 2022, and he paid the attorney $3,500 for his representation from June 22, 2022 until January 26, 2023. *Id*. at 5. During this time, Attorney Anderson concealed the fact that he previously represented the victim in Plaintiff's criminal case. Attorney Anderson knowingly and intentionally failed to disclose this information because he intended to sabotage Plaintiff's criminal case. The attorney never performed any work on the case, never developed a trial strategy, and never filed any motions on his behalf. Attorney Anderson also lied to Plaintiff and his family and said that Plaintiff is "going to prison." *Id*. This left Plaintiff feeling many emotions, which he itemizes on two pages of Document 20. *Id*. at 6-7. Plaintiff claims that Attorney Anderson violated his rights under the First, Fifth, Sixth, Eighth, and Fourteenth Amendments. *Id*. at 3.

## Discussion

The Fourth Amended Complaint does not survive screening under § 1915A. Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State" deprives a person of his federal constitutional or statutory rights shall be liable in an action at law. 42 U.S.C. § 1983. In order to state a claim under § 1983, a plaintiff must show that he suffered a deprivation of his federal rights by a defendant who acted under color of state law. *Id*.; *McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 513 (7th Cir. 1993). Plaintiff did not bring suit against a state actor. Attorney Anderson is the only defendant, and Plaintiff describes Attorney Anderson as the private defense attorney he hired to represent him in a criminal matter. A private attorney is not a state actor or acting under color of state law for purposes of § 1983. *French v. Corrigan*, 432 F.2d 1211, 1214-15 (7th Cir. 1970), *cert. denied*, 401 U.S. 915 (1971). Therefore, Plaintiff cannot pursue § 1983 relief against Attorney Anderson.

The Fourth Amended Complaint does not survive screening under 28 U.S.C. § 1915A for the same reason that the prior amendment(s) failed to state a claim upon which relief may be granted. Although the Court freely grants leave to file amended pleadings, it need not grant additional opportunities here where it is not apparent what claim the plaintiff might substitute for those that already failed. *See e.g. Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009); *McCree v. Grissom*, 657 F.3d 623, 624 (7th Cir. 2011); *Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021) (courts may deny leave to amend if an amendment would be futile). Further amendment would be futile. Therefore, the entire action shall be dismissed with prejudice.

## Disposition

The Fourth Amended Complaint (Doc. 20) and this entire civil rights action are **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted against Defendant **HARRY W. ANDERSON**. Plaintiff is **ADVISED** that the dismissal counts as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff is also **ADVISED** that his obligation to pay the filing fee for this action was incurred when he filed the action; the filing fee of $350.00 remains due and payable. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). All pending motions (Docs. 24 and 26) are **TERMINATED**.

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty (30) days of the entry of judgment. FED. R. CIV. P. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the appellate filing fee[2] irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Finally, if

---

[2] The filing and docketing fees for an appeal increases from $505.00 to $605.00 on December 1, 2023.

the appeal is found to be nonmeritorious, Plaintiff may incur a "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

    The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

    **IT IS SO ORDERED**.

    **DATED: 11/21/2023**

                                                s/ J. Phil Gilbert  
                                                **J. PHIL GILBERT**  
                                                **United States District Judge**